**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANSON NOLAND ROBINSON IV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00693-PLC |
| | ) | |
| ANTHONY MEHLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Plaintiff Anson Noland Robinson IV for leave to commence this civil action without prepayment of the required filing fee.[1] (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $52.28. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order Plaintiff to file an amended complaint on a Court form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

[1] Plaintiff was granted provisional leave to proceed in forma pauperis by the United States District Court for the Western District of Missouri on June 8, 2021. The Western District then transferred the case to this Court.

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Here, Plaintiff initially filed his complaint and motion for leave to proceed in forma pauperis in the United States District Court for the Western District of Missouri. (Docket No. 1; Docket No. 2). The Western District provisionally granted Plaintiff leave to proceed in forma pauperis, and transferred the matter to this Court on June 8, 2021. (Docket No. 5). No filing fee was assessed at that time.

In support of his motion for leave to proceed in forma pauperis, Plaintiff attached a copy of his certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $261.38. The Court will therefore assess an initial partial filing fee of $52.28, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Phelps County Jail in Rolla, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, alleging that excessive force was used against him while he was a pretrial detainee. The complaint names Officer Anthony Mehling and Officer Timothy Durbin as defendants. (Docket No. 1 at 2-3). Officers Mehling and Durbin are sued in both their official and individual capacities.

In his brief "Statement of Claim," Plaintiff asserts that on April 26, 2021, Officer Mehling pepper-sprayed him while he was sitting on the ground in a holding cell. (Docket No. 1 at 4). According to Plaintiff, Officer Durbin gave Officer Mehling the order to deploy mace.

As a result of this incident, Plaintiff's eyes burned and his skin was irritated. Because he had long hair, the mace was "stuck…for several days," and when he tried to shower, the mace was reactivated and caused additional pain. (Docket No. 1 at 5). Plaintiff seeks compensatory and punitive damages. (Docket No. 1 at 6).

**A. Deficiencies in Complaint**

Having reviewed Plaintiff's complaint, the Court has determined that it is subject to dismissal for failure to state a claim. With regard to the official capacity claims against Officer Mehling and Officer Durbin, the Court notes that such claims are treated as being made against defendants' employer, which is Phelps County. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (explaining that an official capacity claim against an individual is actually "against the governmental entity itself"). However, Plaintiff has not presented any facts demonstrating that his constitutional rights were violated due to a Phelps County policy, custom, or failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (explaining that municipal liability may attach if a constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise").

As to the individual capacity claims, Plaintiff has accused Officers Mehling and Durbin of using excessive force in violation of the Fourteenth Amendment. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an

adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).

The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id*.

Here, Plaintiff has not presented any facts indicating that the use of mace against him was excessive or that it amounted to punishment. He states only that pepper spray was deployed against him "while sitting on the floor." Beyond this, there are no allegations describing the context of the incident. For example, Plaintiff does not allege that he was being compliant, that he was following directives, or that he was otherwise acting in such a way that would make the deployment of pepper spray unnecessary. He also does not show that the officers were acting punitively in using mace. Instead of providing the necessary factual support, Plaintiff asserts a legal conclusion, which is not entitled to the presumption of truth. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (stating that a court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts"). Without any additional information, Plaintiff has not sufficiently stated a claim under the Fourteenth Amendment.

For these reasons, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915. Rather than dismissing outright, however, the Court will give Plaintiff an opportunity to file an amended complaint according to the instructions set forth below.

**B. Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating a defendant's personal responsibility for causing harm to

him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the defendants as a group. Rather, Plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, Plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $52.28 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, the Court will dismiss this action without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of Plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of November, 2021