**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANSON NOLAND ROBINSON IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-cv-00693-PLC |
| | ) |
| ANTHONY MEHLING, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Anson Noland Robinson IV's amended complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court directs the Clerk of Court to issue process on defendants Anthony Mehling and Timothy Durbin in their individual capacities.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir.

2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Phelps County Jail in Rolla, Missouri. On June 7, 2021, he filed a civil action in the United States District Court for the Western District of Missouri, naming Officers Mehling and Durbin as defendants. (Docket No. 1). Along with his complaint, plaintiff submitted a motion for leave to proceed in forma pauperis. (Docket No. 2). The Western District transferred the matter to this Court on June 8, 2021. (Docket No. 5).

On November 18, 2021, the Court granted plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee of $52.28. (Docket No. 11). Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Following that review, the Court determined that the complaint was subject to dismissal.

As to the official capacity claims against Officers Mehling and Durbin, the Court noted that such claims were treated as being made against the officers' employer, Phelps County. However, plaintiff had not alleged facts supporting a finding that his rights had been violated due to a Phelps County policy, custom, or failure to train.

Regarding the individual capacity claims against Officers Mehling and Durbin, the Court advised plaintiff that he had not stated an excessive force claim. In particular, the Court noted that plaintiff had not established that the use of mace against him was meant to injure or punish, rather than to restore discipline.

Instead of dismissing outright, the Court directed plaintiff to file an amended complaint within thirty days. The Clerk of Court sent plaintiff a form complaint, and the Court provided instructions regarding proper amendment. On December 2, 2021, plaintiff timely filed his amended complaint. (Docket No. 12).

## The Amended Complaint

Plaintiff's amended complaint asserts violations of 42 U.S.C. § 1983 and names Correctional Officers Anthony Mehling and Timothy Durbin as defendants. Both are sued in their individual capacities only. (Docket No. 12 at 2-3). In the complaint, plaintiff alleges that Officer Mehling and Officer Durbin used excessive force against him, in violation of his constitutional rights.

With regard to the "Statement of Claim," plaintiff asserts that on April 26, 2021, he was placed into a holding cell while being moved from one pod to another. (Docket No. 4 at 3). Another inmate was in the holding cell with him. Plaintiff states that the other inmate was being disruptive by "kicking the door." While this was occurring, plaintiff was "sitting on the floor being compliant," and "not doing anything [threatening]."

In response to the other inmate's kicking, Officer Mehling and Officer Durbin came to the holding cell. Plaintiff alleges that mace was deployed against the inmate who had been kicking the door. Then, without reason, mace was also deployed against plaintiff. According to plaintiff, Officer Mehling was the officer who used mace, and Officer Durbin was the officer who instructed Mehling to do so. Afterwards, plaintiff states that the officers tried to apologize. He also suggests that the officers were subject to disciplinary actions for using mace against him "for no reason." (Docket No. 12 at 6-7).

As a result of the deployment of mace, plaintiff sustained burned and irritated skin. (Docket No. 12 at 4). He further states that the mace "was stuck in [his] hair for several days," and that he was "only allowed…to rinse [his] eyes out." Plaintiff seeks $10,000 "in compensation." (Docket No. 12 at 5).

## Discussion

Plaintiff alleges that Officer Mehling deployed mace against him on the instructions of Officer Durbin. At the time this occurred, plaintiff was sitting on the floor, compliant, and not threatening the officers. Thus, Plaintiff has asserted facts supporting an argument that mace was not used for an appropriate reason, such as either to maintain or restore discipline. Plaintiff also claims that the officers subsequently acknowledged that mace should not have been used against

4

him. As required, the Court accepts these allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019).

As a pretrial detainee,[1] the Court analyzes Plaintiff's 42 U.S.C. § 1983 claim under the Fourteenth Amendment, rather than the Eighth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014).

The Fourteenth Amendment gives state pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished.[2] *Id*.

---

[1] The Court notes that in plaintiff's original complaint, he indicated that he was a pretrial detainee. (Docket No. 1 at 4). In his amended complaint, he has checked the box stating that he is a "convicted and sentenced federal prisoner." (Docket No. 12 at 2). Plaintiff does not provide any explanation for this discrepancy. Since plaintiff initially stated that he was a pretrial detainee, and because he was being held in a county jail when the alleged incident occurred, the Court will analyze his amended complaint as though he was a pretrial detainee. Regardless, as discussed below, plaintiff's excessive force allegations are sufficient for purposes of initial review under either the Eighth or Fourteenth Amendments, as he contends that mace was deployed against him without any justification.

[2] The result would be the same if analyzed under the Eighth Amendment. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore

5

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendants Anthony Mehling and Timothy Durbin in their individual capacities as to plaintiff's claim of excessive force.

*Patricia L. Cohen*

    PATRICIA L. COHEN
    UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of January, 2022

---

discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986). The use of pepper spray may violate the Eighth Amendment when it is done without warning or for no apparent purpose. *See Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014). Here, plaintiff has alleged facts showing that officers deployed mace against him after his cellmate kicked the door. He contends that he was not being disruptive or threatening, and that the officers did not need to deploy mace against him to restore discipline.